**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SIDNY JESSIKA AGUILAR
GALDAMEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-6715

Agency No.
A208-380-882

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2025**
San Francisco, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and ROSENTHAL,
District Judge.***

Sindy Yessika Aguilar Galdamez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") denial of her

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Lee H. Rosenthal, United States District Judge for the
Southern District of Texas, sitting by designation.

motion to reopen her application for Convention Against Torture protection. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      The BIA did not abuse its discretion in denying Aguilar Galdamez's motion to reopen as untimely. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020). Subject to exceptions not applicable here, a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal"—here, on or before June 3, 2024. 8 U.S.C.A. § 1229a(c)(7)(C)(i). Aguilar Galdamez filed her motion to reopen on June 3, 2024, but the filing was rejected for not being "accompanied by a properly completed Notice of Entry of Appearance (Form EOIR-27)." *See* BIA Practice Manual § 5.1(b)(1) ("All motions to reopen . . . must be accompanied by a . . . Form EOIR-27[], even if the practitioner is already the practitioner of record."). Although Aguilar Galdamez filed a corrected motion on June 14, 2024, she did not seek or obtain an extension of time in which to file the motion to reopen. *See* BIA Practice Manual § 3.1(c)(2) ("Parties wishing to correct the defect and refile after a rejection must do so by the original deadline, unless an extension is expressly granted by the Board.").

2.      Aguilar Galdamez does not argue that she falls within any exception under 8 U.S.C.A. § 1229a(c)(7)(C) or 8 C.F.R. § 1003.2(c)(3). Nor does she request equitable tolling by establishing that "some extraordinary circumstance stood in [her] way and prevented timely filing, and [s]he acted with due diligence

in pursuing [her] rights." *Lara-Garcia v. Garland*, 49 F.4th 1271, 1277 (9th Cir. 2022). Aguilar Galdamez's sole explanation—that her counsel "believed that an EOIR 27 was not required because he was the attorney of record in the matter"— does not establish an "extraordinary circumstance" requiring the BIA to accept her untimely filing.

3. The Board also denied Aguilar Galdamez's motion to reopen on the basis that "she has not established [that her] former counsel performed deficiently," reasoning that her former counsel made strategic choices "within the 'wide range' of reasonable professional assistance." Aguilar Galdamez does not challenge this independent ground for denial. That issue has been waived. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief.")

4. Our jurisdiction to review the BIA's denial of sua sponte reopening is limited to "review[ing] any underlying legal or constitutional errors." *Lara-Garcia*, 49 F.4th at 1277. The BIA committed no such error in holding that Aguilar Galdamez has not "shown the exceptional circumstances necessary to warrant" sua sponte reopening. *See Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020) ("In order for an individual to obtain sua sponte relief under 8 C.F.R. § 1003.2(a), the Board must be persuaded that the respondent's situation is truly

exceptional." (quotation marks omitted)).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal continues until the mandate issues.